# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SA CV 00-245 DOC (ANx)    Date: February 22, 2001

**FILED** FEB 22 2001
CLERK, U S DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION
BY _____ DEPUTY

Title: Peymon Mottahedeh v. City of Los Angeles, R.G Mc Millan, All City Tow Service, Ed Gingras, Beverly E. Mosley, Jeffrey Harkavy, Alan Lasher, Neil Usherow, and Abraham Brimsey

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]

ENTERED FEB 23 2001 CLERK, US DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA SANTA ANA OFFICE

Date _____ Deputy Clerk _____

**THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).**

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Susan R. Sedei               Not Present
Courtroom Clerk              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS.

NONE PRESENT                          NONE PRESENT

---

PROCEEDING (IN CHAMBERS): DISMISSING COMPLAINT WITH PREJUDICE

### I. Background

Before the Court is Plaintiff's Motion for Sanctions against City Tow Service. The Court determines that the matter is suitable for decision without oral argument. *See* Fed R Civ P 78; Local Rule 7.11 Accordingly, the Court removes the hearing set for February 26, 2001 from calendar After considering all papers in this matter, the Court dismisses the case with prejudice.

On March 9, 2000, Plaintiff Peymon Mottahedeh filed a complaint against Defendants for civil rights violations stemming from an unspecified traffic stop which resulted in Plaintiff's car being impounded. Plaintiff brought suit against the police officer, various commissioners, the prosecutor, the public defender, the City, and the towing company. All Defendants but All City Towing have been dismissed, pursuant to the Court's granting of Defendants' motion to dismiss on September 15, 2000 Plaintiff filed an appeal with the Ninth Circuit which was denied on January 21, 2001.

Plaintiff had attempted to serve Defendant in July by leaving a copy of the First Amended Complaint

MINUTES FORM 11 DOC
CIVIL - GEN

✓ Docketed
✓ Copies / NTC Sent
✓ JS - 5 / JS - 6
___ JS - 2 / JS - 3
___ CLSD

Initials of Deputy Clerk _____



ENTER ON ICMS  FEB 23 2001  37

with a "male receptionist." Defendant, however, has not made an appearance.

In November of 2000 and again in December, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed against All City Towing for lack of prosecution, specifically for failure to serve Defendant. On December 19, 2000, Plaintiff attempted to file an entry of default against Defendant. Defendant opposed the request, arguing that it had not been properly served and that in any case, the Court lacked jurisdiction. In response, Plaintiff has filed a motion for sanctions against Defendant for making unsupported factual contentions

## II. Analysis

Plaintiff attempted service in July by leaving the Complaint with a male receptionist at Defendant's business address. Plaintiff has taken no other action against Defendant, nor has Defendant made any appearance before the Court until it opposed the entry of default.

Plaintiff's service was not proper under Fed R Civ. P 4(h)(1). Rule 4(h)(1) governs service on a corporation. It requires personal service on an officer, manager or agent, and service by mail Here, neither was accomplished. Even liberally construed, Rule 4 is not satisfied by service on an unidentified person at a business address. Now, in response to the Court's OSC, Plaintiff is simply attempting to litigate against Defendant, first by filing for default against Defendant and now filing for sanctions against Defendant Given that Plaintiff has had nearly a year to serve Defendant, and given that Plaintiff has failed to provide good cause regarding failure to timely serve, the Court finds no good cause for failure to serve Defendant

## III. Disposition

The Court DISMISSES Plaintiff's Complaint with prejudice. Since Defendant is the sole remaining defendant, this matter is closed.

The Clerk shall serve a copy of this minute order on all parties to the action

MINUTES FORM 11 DOC  
CIVIL - GEN

Initials of Deputy Clerk_____