JUDGMENT                                              SACV00-245 DOC(AN)
===============================================================================

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

Priority ✓
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

NO. 01-56537
CT/AG#: CV-00-00245-DOC

FILED JUL 16 2002
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION
BY _____ DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT
JUL 12 2002
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

PEYMON MOTTAHEDEH

    Plaintiff - Appellant

v.

CITY OF LOS ANGELES; R.G. MCMILLAN; ED GINGRAS; BEVERLY E. MOSLEY; JEFFREY HARKAVY; NEIL USHEROW; ALL CITY TOW SERVICE; ALLAN LASHER; ABRAHAM BRIMSEY

    Defendants - Appellees

---

APPEAL FROM the United States District Court for the Central District of California (Santa Ana).

THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the Central District of California (Santa Ana) and was duly submitted.

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is   AFFIRMED.

Filed and entered        June 17, 2002.



ENTER ON ICMS
JUL 16 2002



A TRUE COPY   JUL 10 2002
ATTEST
CATHY CATTERSON
Clerk of Court
by: _____
Deputy Clerk
This certification does constitute the mandate of the court.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
JUN 17 2002
CATHY A. CATTERSON
CLERK, U.S. COURT OF APPEALS

| | |
|---|---|
| PEYMON MOTTAHEDEH,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CITY OF LOS ANGELES; et al.,<br><br>Defendants - Appellees. | No. 01-56537<br><br>D.C. No. CV-00-00245-DOC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted June 10, 2002**

Before:   O'SCANNLAIN, BERZON, and RAWLINSON, Circuit Judges.

Peymon Mottahedeh appeals pro se the district court's orders dismissing his claims alleging violations of 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act ("RICO") in connection with the impounding of his

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

\*\*   This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

car. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999), and may affirm on any basis fairly supported by the record, *Beezley v. Fremont Indem. Co.*, 804 F.2d 530, 530 n.1 (9th Cir. 1986) (per curiam). We affirm.

The district court properly dismissed Mottahedeh's section 1983 claims as time-barred. *See Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir. 1997) (applying California's personal injury one-year statute of limitation and tolling provisions to section 1983 claim); *Wood v. Elling Corp.*, 572 P.2d 755, 757-58 (Cal. 1977) (explaining that statute of limitations is not tolled during pendency of action dismissed for failure to prosecute).

We affirm the district court's dismissal of Mottahedeh's state law claim against All City Tow because that claim was also time-barred. *See Cantu v. Resolution Trust Corp.*, 4 Cal. App.4th 857, 889 (Cal. Ct. App. 1992) (applying one-year statute of limitation to intentional infliction of emotional distress claim).

The district court properly dismissed Mottahedeh's RICO claims because Mottahedeh failed to allege conduct of an enterprise affecting interstate commerce through a pattern of racketeering activity that caused injury to his business or property. *See Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001).

**AFFIRMED.**

2

A TRUE COPY   JUL 10 2002
ATTEST:
CATHY CATTERSON
Clerk of Court
by:
Deputy Clerk
This certification does constitute the mandate of the court.